UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TODD A. BERGERON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5671** |
| **JERRY LARPENTER, GORDY DAVE, TOMMY ROGERS, DREW MARTIN - HEAD OF TPCJ MAINTENANCE, CLAUDE TRISHE - WARDEN.** | **SECTION "B"(4)** |

### REPORT AND RECOMMENDATION

Before the Court is the plaintiff's **Motion to Dismiss Claim (Rec. Doc. No. 20)**. This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.     Factual and Procedural Background

The plaintiff, Todd Anthony Bergeron ("Bergeron"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Terrebonne Parish Sheriff Jerry Larpenter and officials at the Terrebonne Parish Criminal Justice Complex, Warden Claude Trishe, Gordy Dave, Tommy Rogers, and Drew Martin, seeking redress for his exposure to dust and fumes during construction and repairs at the jail. As relief, he seeks monetary compensation and improved safety procedures in the future.

### II.    Voluntary Dismissal Should Be Granted

Rule 41(a)(2) of the Federal Rules of Civil Procedure governs the voluntary dismissal of a case by the plaintiff after the defendants have filed an answer as in this case. The Rule provides,

*inter alia*, that the action may be dismissed at the plaintiff's request only by Court order and on terms that the Court considers proper. Fed. R. Civ. P. 41(a)(2). This dismissal is without prejudice unless otherwise indicated. *Id*.

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Thus, Fed. R. Civ. P. 41(a)(2) provides district courts with the discretion to grant a plaintiff's motion for voluntary dismissal and to attach conditions tailored to prevent unfair prejudice to the defendant. *Balestreri v. Metropolitan Life Ins. Co.*, 272 F. App'x 345, 346 (5th Cir. 2008).

Under the broad reading due *pro se* filings, Bergeron asserts that he no longer wishes to pursue the claims and would like to dismiss the case. He also correctly acknowledges that he will still pay the filing fee in installments as provided under 28 U.S.C. § 1915. The defendants have not urged any counterclaims, and there is nothing appearing in the record that would cause them prejudice as a result of this dismissal.[1] For these reasons, Bergeron's motion to voluntarily dismiss this action should be granted, and his complaint dismissed without prejudice.

## III. Recommendation

It is therefore **RECOMMENDED** that Bergeron's **Motion to Dismiss Claim (Rec. Doc. No. 20)** be **GRANTED** and his 42 U.S.C. § 1983 civil rights complaint be **DISMISSED WITHOUT PREJUDICE**.

---

[1] Rule 41(a)(2) also provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 16th day of July, 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.